**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SHARON HENDERSON-HARRISON, )
)
                **Plaintiff,** )
) **CIVIL ACTION**
v. )
) No. 12-1336-JWL
CAROLYN W. COLVIN,[1] )
**Acting Commissioner of Social Security,** )
)
                **Defendant.** )
_____ )

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability (SSD) benefits under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding no error in the Commissioner's decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING that decision.

**I.    Background**

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

Plaintiff first applied for SSD on July 24, 2006 alleging disability beginning May 10, 2005. (R. 82-84). In due course, Plaintiff exhausted proceedings before the Commissioner and sought judicial review of the final decision denying benefits. In a decision dated April 18, 2011, this court found errors in the Administrative Law Judge's (ALJ) residual functional capacity (RFC) assessment, and remanded the case to the Commissioner for further proceedings. Henderson-Harrison v. Astrue, Civ. A. No. 10-1218-JWL, 2011 WL 1466485 (D. Kan. Apr. 18, 2011); appearing in the administrative record at (R. 595-609). Plaintiff filed another application for benefits while review was pending before this court, and both applications were consolidated for consideration on remand. (R. 613). The case is now before the court on Plaintiff's complaint seeking judicial review of the Commissioner's decision after remand, which once again denied benefits. (Doc. 1). Plaintiff alleges the ALJ failed to adequately consider certain relevant, probative evidence regarding limitations in Plaintiff's ability to use her right upper extremity. (Pl. Br. 21-24). She argues that because of this failure the "case should be remanded with instructions for a clear and proper evaluation of the RFC with adequate support from the substantial evidence of record." Id. at 24.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the

correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals

3

the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds no error in the ALJ's consideration of the evidence regarding Plaintiff's right upper extremity impairments. Therefore, it must affirm the Commissioner's decision below.

## II. Analysis

As Plaintiff suggests, the Commissioner is required to consider all of the relevant record evidence in assessing RFC. Soc. Sec. Ruling (SSR) 96-8p, West's Soc. Sec.

Reporting Serv., Rulings 143, 147 (Supp. 2013). As she also acknowledges, "While the ALJ is not required to mention every individual piece of evidence, he must 'discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence he rejects.'" (Pl. Br. 21) (quoting Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996); Briggs ex rel. Briggs v. Massanari, 248 F.3d 1235, 1239 (10th Cir. 2001)).

Plaintiff recites about two pages of record medical evidence which she asserts is both relevant and probative, but was not properly considered by the ALJ in this case. (Pl. Br. 22-24). The Commissioner argues, on the other hand, that the ALJ properly considered Plaintiff's right upper extremity impairments and that substantial record evidence supports his findings in that regard. She argues that Plaintiff essentially asks the court to reweigh the evidence, an action which it may not take.

Contrary to Plaintiff's allegations, the decision makes clear that the ALJ in fact considered all of the evidence which Plaintiff asserts was not considered. The treatment records of the Complete Health Medical Group-Chiropractors, to which Plaintiff cites was specifically cited by the ALJ in the decision. (R. 21) (citing Ex. 29F). Moreover, a chiropractor is not an acceptable medical source, and Plaintiff provides no reason for suggesting that the chiropractic treatment notes should be accepted above the notes of other physicians with regard to Plaintiff's upper extremity impairments.

Plaintiff points to treatment by Dr. Huang at the Cotton O'Neil Clinic, but the ALJ specifically discussed and summarized Dr. Huang's treatment in the decision. (R. 621)

5

(citing Ex. 4F). The same is true of Dr. Duncan's report (R. 621) (citing Ex. 9F), x-rays of Plaintiff's wrists and hands (R. 622) (citing Ex. 37F), Dr. Veloor's treatment (R. 621) (citing Ex. 45F), and Dr. Poole's treatment. (R. 621-22) (citing Ex. 40F). The fact that the ALJ did not mention each of the specific particulars of this treatment to which Plaintiff cites is of no consequence. The record clearly demonstrates that the ALJ considered the medical records of each of these physicians, and Plaintiff does not demonstrate how the findings cited in her Brief are probative of limitations greater than those assessed by the ALJ or would preclude his findings.

The evidence upon which Plaintiff's argument seems primarily to lean for support is the medical source statements of Dr. Veloor and Dr Colbern, in which those physicians stated their opinions with regard to the limitations in Plaintiff's capabilities resulting from her right upper extremity impairments. (Pl. Br. 23-24). However, the ALJ specifically discussed those opinions and stated three specific reasons for according them "little weight." (R. 623-24). Plaintiff does not address any of the reasons given by the ALJ to discount these opinions, and in fact makes no argument that the ALJ erred in weighing any of the medical opinions.

As the Commissioner suggests, Plaintiff's recitation of the evidence which in her view supports a finding of disability resulting from upper extremity impairments, appears to be a call for the court to reweigh the evidence in this regard and substitute its judgment for that of the ALJ. As noted above, the court may not do so. Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172. The mere fact that there is evidence which might

6

support a contrary finding will not establish error in the ALJ's determination. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." Lax, 489 F.3d at 1084 (citations, quotations, and bracket omitted); see also, Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620 (1966) (same).

Plaintiff has not shown that the ALJ failed to consider relevant, probative evidence in assessing limitations resulting from her upper extremity impairments.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's decision.

Dated this 10th day of February 2014, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**